UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DAUGHENBOUGH, | No. C 08-637 SI (pr) |
| Plaintiff, | **ORDER OF SERVICE** |
| v. | |
| MICHAEL HENNESSEY (Sheriff); et al., | |
| Defendants. | |

## INTRODUCTION

Darryl Daughenbough, an inmate at the San Francisco County Jail, filed this pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

In his complaint, Daughenbough alleges the following about events that occurred at the San Francisco County Jail. On October 4, 2007, he was told to move his sleeping quarters from a mattress on the floor to a top bunk. He did not want to move to a top bunk because he has psychiatric problems that cause him to sleep roughly, he has nerve damage in his neck and back, and was concerned he would fall out of a top bunk and hurt himself. He alerted deputy Harris and sergeant Hauer to his concerns, but they nonetheless insisted that Daughenbough move. Daughenbough gathered his property and bed-roll, but refused to sleep on a top bunk. He therefore was put in a safety cell, apparently for about a day.

While sleeping in the safety cell, Daughenbough was kicked in the back by deputy Harris, who told him, "I was just checking to see if you were alive," and walked away laughing. Complaint, p. 6. In the early morning hours, Daughenbough was again awakened by being kicked in the back, this time being kicked by deputy Tilton. Later that day he was taken back to the regular housing unit. He tied himself into his bunk each night so he did not fall out of his bunk while he slept. The length of time he had to sleep in the top bunk is not identified, but he does state that he has since been moved to another unit.

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

A prisoner has the right to be free from cruel and unusual punishment, including physical abuse by guards. Whenever prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Hudson v. McMillian, 503 U.S. 1, 6 (1992) (citing Whitley v. Albers, 475 U.S. 312, 317 (1986)). If, at the time of the incident, Daughenbough was a pretrial detainee, his claim would arise under the Fourteenth Amendment rather than the Eighth Amendment. See Graham v. Connor, 490 U.S. 386, 395 n.10. (1989) (pretrial detainee protected from use of excessive force by Due

Process Clause of Fourteenth Amendment).

Liberally construed, the allegations of the complaint state cognizable claims against defendants Harris and Tilton for the use of excessive force based on their acts of kicking Daughenbough while he was sleeping in the safety cell. The earlier events, i.e., threatening Daughenbough to try to get him to move to a top bunk did not amount to a constitutional violation. And the allegations that Daughenbough was required to sleep in a top bunk do not state a claim upon which relief can be granted; he never was injured as a result of sleeping in the top bunk, as he was able to restrain himself to avert the risk that allegedly existed for him, and has since been moved to a different unit in the jail.

San Francisco Sheriff Hennessey is named as a defendant. The complaint does not allege that he had any personal involvement with Daughenbough's problem and apparently was named as a defendant because he is in charge of the jail. There is no respondeat superior liability under Section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under Section 1983 arises only upon a showing of personal participation by the defendant. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Accordingly, Sheriff Hennessey is dismissed without prejudice.

**CONCLUSION**

For the foregoing reasons,

1. The complaint states a claim for relief under 42 U.S.C. § 1983 against defendants Harris and Tilton for an Eighth Amendment violation (or a Fourteenth Amendment violation if plaintiff was a pretrial detainee at the time of the alleged incidents). The other defendants are dismissed without prejudice.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint and a copy of all the documents in the case file upon San Francisco Sheriff's Deputy Harris and San Francisco Sheriff's Deputy Tilton both of whom apparently are employed in Dorm C-3 at the San Francisco County Jail #2.

3. In order to expedite the resolution of this case, the following briefing schedule for

dispositive motions is set:

    a.    No later than **December 19, 2008**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

    b.    Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **January 30, 2009**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

    c.    If defendants wish to file a reply brief, the reply brief must be filed and served no later than **February 13, 2009**.

4.    All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

5.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

4

1  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is
2  required before the parties may conduct discovery.

3        6.      Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the
4  court informed of any change of address and must comply with the court's orders in a timely
5  fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
6  pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of
7  address in every pending case every time he is moved to a new facility.

8        7.      Plaintiff is cautioned that he must include the case name and case number for this
9  case on any document he submits to this court for consideration in this case.

10        IT IS SO ORDERED.

11  Dated: September 29, 2008

                                            SUSAN ILLSTON
12                                             United States District Judge

**United States District Court**
For the Northern District of California